UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DANIEL ALTON LEE,                                   Case No. 6:21-cv-01399-MC

        Petitioner,                               OPINION AND ORDER

    v.

BRANDON KELLY,

        Respondent.
_____

MCSHANE, District Judge.

      Petitioner filed a federal Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his convictions for sodomy and sexual abuse on grounds that his counsel provided ineffective assistance in violation of his rights under the Sixth Amendment. Respondent maintains that the Petition is untimely and barred from federal review by the statute of limitations. Petitioner did not seek federal habeas relief within the one-year limitations period, and his Petition is DISMISSED.

1 - OPINION AND ORDER

BACKGROUND

In 2013, after trial by jury, petitioner was convicted of two counts of Sodomy in the First Degree and one count of Sexual Abuse in the First Degree and sentenced to concurrent sentences totaling 300 months of imprisonment. Resp't Ex. 101.

Petitioner directly appealed his convictions and the Oregon Court of Appeals affirmed without opinion. Resp't Exs. 104, 106. Petitioner did not seek discretionary review from the Oregon Supreme Court. On March 4, 2015, appellate judgment issued. Resp't Ex. 106.

On March 31, 2016, petitioner sought post-conviction relief (PCR) in the Oregon courts and asserted the claims raised in his federal Petition. Resp't Exs. 107, 116-17. The PCR court ultimately denied relief. Resp't Ex. 149. Petitioner appealed the PCR court's judgment on only one claim – that his counsel rendered ineffective assistance by failing to object to the testimony of a police detective. Resp't Exs. 150, 152. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Resp't Exs. 152 at 15, 153. On October 2, 2020, appellate judgment issued in petitioner's PCR proceeding. Resp't Ex. 154.

On March 9, 2021, petitioner filed a successive PCR petition in state court and sought relief under *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020). Resp't Ex. 155. Those proceedings have been stayed and petitioner's *Ramos* claim is not before this Court. Resp't Ex. 156.[1]

On September 16, 2021, petitioner signed his federal Petition in this proceeding.

DISCUSSION

In his federal Petition, petitioner claims that his trial counsel provided ineffective assistance by failing to communicate a plea offer and failing to object to a police detective's

---

[1] In *Ramos*, the Supreme Court held that convictions for serious criminal offenses must be supported by unanimous jury verdicts. *Ramos*, 140 S. Ct. at 1397. The Court subsequently held that *Ramos* is not retroactive on federal habeas review. *Edwards v. Vannoy*, 141 S. Ct. 1547, 1559 (2021).

2 - OPINION AND ORDER

testimony at trial. Respondent contends that the Petition is barred from federal review because petitioner did not seek federal habeas relief before the one-year statute of limitations expired. Petitioner did not respond to the substance of respondent's argument, and I find that the Petition is untimely and barred by the statute of limitations.

Generally, a prisoner must file a federal habeas petition challenging a state court conviction within one year after the challenged conviction becomes final. 28 U.S.C. § 2244(d)(l) (providing that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court"). A conviction becomes final and the statute of limitations begins to run when direct review proceedings have concluded. *Id.* §2244(d)(l)(A). The statute of limitations is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review" and restarts at the conclusion of state post-conviction proceedings. *See id.* § 2244(d)(2).

Here, petitioner did not seek review from the Oregon Supreme Court on direct appeal. Consequently, his conviction became final and the statute of limitations began to run on March 4, 2015, when appellate judgment issued.[2] Although the statute of limitations was tolled during the pendency of his initial PCR proceeding, petitioner did not seek PCR relief until March 31, 2016, after 393 days had elapsed and the one-year limitations period had expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Even

---

[2] If petitioner had sought discretionary review from the Oregon Supreme Court, the statute of limitations would have started to run after expiration of the 90-day period for seeking a writ of certiorari in the United States Supreme Court. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (holding that the "period of 'direct review'… includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court"); U.S. Sup. Ct. R. 13(1) (providing that a petition for writ of certiorari must be filed "within 90 days after entry of the order denying discretionary review").

3 - OPINION AND ORDER

if petitioner's successive PCR petition tolled the limitations period, another 158 days elapsed between the conclusion of his initial PCR proceeding on October 2, 2020 and the filing of his successive PCR petition. Thus, at least 551 days elapsed before petitioner signed his federal Petition. Accordingly, the Petition was not filed within the one-year limitations period and it is untimely.

Further, petitioner cites no "extraordinary circumstances beyond" his control that made it "impossible to file a petition on time" to permit equitable tolling of the statute of limitations. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *see also id.* ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). Instead, it appears that petitioner miscalculated the limitations period and believed he had one year after the conclusion of his initial PCR proceeding to seek federal habeas relief.

However, it is well established that a petitioner's "lack of legal sophistication" or "inability" to correctly "calculate the limitations period is not an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006); *see also Fergusson,* 321 F.3d 823 (rejecting the argument that § 2244(d)(1) creates a "trap" for Oregon habeas petitioners who seek PCR remedies within the state two-year limitations period and are subsequently time-barred from seeking federal habeas review); *see also Drollinger v. Nooth,* 2015 WL 518625, at *3 (D. Or. Feb. 4, 2015) ("The simple fact that Oregon allows a prisoner two years to file a state PCR action, while AEDPA's one-year statute of limitations is only year, does not excuse an untimely federal habeas filing.").

Accordingly, the Petition is untimely and barred from federal review.

CONCLUSION

The Petition for Writ of Habeas Corpus (ECF No. 2) is DISMISSED. A Certificate of Appealability is DENIED on the basis that petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 26th day of October, 2022.

s/ Michael J. McShane
MICHAEL J. MCSHANE
United States District Judge